*E-FILED - 1/31/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARVELLO L. TUFONO, | ) | No. C 10-4777 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES NWAIZUGBU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. For the reasons stated below, the court will DISMISS the instant complaint for failure to state a cognizable claim under § 1983.

**DISCUSSION**

A.    Standard of Review

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't,

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.10\Tufono777dis.wpd

1  901 F.2d 696, 699 (9th Cir. 1988).

2       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
3  elements: (1) that a right secured by the Constitution or laws of the United States was violated,
4  and (2) that the alleged deprivation was committed by a person acting under the color of state
5  law. West v. Atkins, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claims

7       Plaintiff claims that on July 7, 2009, defendant James Nwaizugbu, a licensed vocational
8  nurse, purposely deprived him of tramodol, a pain medication for which plaintiff had an "as
9  needed" prescription for his back pain. Around noon that day, plaintiff requested his tramodol,
10 and defendant responded that he was not going to give plaintiff his medication until later. The
11 following day at 9:00 a.m., defendant returned to dispense medication and gave plaintiff his
12 tramodol, as well as his anti-depressants. Plaintiff states that he notified defendant in advance
13 that he would need to have more tramodol at noon when he knew that defendant would be
14 distributing medications again. Defendant responded that he would give plaintiff his medication
15 when he felt like giving it. At noon, defendant returned to dispense medication, but did not have
16 plaintiff's tramodol. After plaintiff inquired about it, defendant repeated his previous response.
17 Plaintiff asserts that defendant was deliberately indifferent to his serious medical needs.

18      In order for a complaint to state a claim arising under federal law, it must be clear from
19 the face of plaintiff's well-pleaded complaint that there is a federal question. See Easton v.
20 Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997). Here, the court finds that
21 plaintiff's complaint fails to state a cognizable claim for relief. It appears that plaintiff received
22 his pain medication, although defendant did not distribute it immediately. Plaintiff's allegation
23 merely claims that, based on defendant's action to his request for pain medication, defendant
24 exhibited a deliberate indifference. However, plaintiff does not establish a "serious medical
25 need." These two isolated incidents of apparent delay in receiving pain medication does not set
26 forth a viable deliberate indifference claim. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998)
27 (alleged delays in administering pain medication, without more, do not constitute deliberate
28 indifference); see also Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam)

1  (one-day delay in receiving medication did not constitute deliberate indifference when there was
2  no evidence "these minor delays caused any harm"); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335
3  (9th Cir. 1990) (alleged delay of several days in receiving pain medication did not amount to a
4  constitutional violation); <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly
5  failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not
6  constitutional violation; isolated occurrences of neglect may constitute grounds for medical
7  malpractice but do not rise to level of unnecessary and wanton infliction of pain).

8      Although the court generally grants leave to amend after an initial screening of a
9  complaint under 28 U.S.C. § 1915A, the court concludes that here, leave would serve no purpose
10 as a viable civil rights claim cannot be made concerning plaintiff's allegations concerning the
11 two isolated incidents of a delay in receiving his pain medication. Accordingly, the instant
12 complaint is DISMISSED for failure to state a cognizable claim under § 1983.

13 **CONCLUSION**

14     The instant complaint is DISMISSED for failure to state a cognizable claim under
15 § 1983. The clerk shall close the file.

16     IT IS SO ORDERED.
17 DATED:   1/28/11
                                RONALD M. WHYTE
18                                 United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.10\Tufono777dis.wpd     3